# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| WILLIAM JOSEPH RETTSTATT, | § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 5:09-CV-00148-RWS |
| v. | § § | |
| LIBERTY EYLAU INDEPENDENT SCHOOL DISTRICT ADMINISTRATION ET AL., | § § § § § § | |
| Defendants. | § § § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The Plaintiff William Rettstatt, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The case was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. Rettstatt named as Defendants the Liberty-Eylau Independent School District, Bowie County District Attorney Bobby Lockhart and Officer Bill Griffith, whom he describes as the "Liberty-Eylau School Police Chief."

In his Complaint, Plaintiff raised claims implicating the validity of criminal charges that were pending against him at the time the lawsuit was filed. Plaintiff also complained the Liberty-Eylau Independent School District saw him as a "problem child" and "passed him from grade to grade to be rid of [him]," resulting in a lack of education. Docket No. 1 at 5. The lawsuit was administratively closed until these charges were resolved. Docket No. 13. Plaintiff later filed a motion to reopen, stating he received 180 days for the pending charges against him plus a separate

five-year sentence, apparently referring to a sentence he received in the State of Arkansas. Docket No. 15. Plaintiff stated he had served both of these sentences. *Id.*

Plaintiff's motion to reopen was granted (Docket No. 18) and the Magistrate Judge issued a Report recommending the lawsuit be dismissed. Docket No. 19. The Magistrate Judge relied on the Supreme Court's opinion in *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

In *Heck*, the Supreme Court explained that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486–87. This rule applies even if the plaintiff has fully served his sentence and habeas corpus is no longer available, unless the plaintiff establishes that other procedural vehicles to attack the sentence are lacking. *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000); *Lavergne v. Brignac*, 654 F.App'x 177, (5th Cir. 2016).

Because Plaintiff has not shown the conviction and sentence he received from the Texas prosecution has been overturned or set aside or that he has no procedural vehicles available to challenge the conviction, the Magistrate Judge concluded his lawsuit was barred under *Heck*. Docket No. 19 at 5.

In addition, the Magistrate Judge observed that District Attorney Bobby Lockhart is shielded by prosecutorial immunity and that Plaintiff's claims against the Liberty-Eylau Independent School District were barred by the statute of limitations. *Id.*

Plaintiff received a copy of the Magistrate Judge's Report on February 27, 2017, and no objections have been filed. Accordingly, this Court reviews the Magistrate Judge's findings of

fact and conclusions of law for plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc); *see also United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (explaining that, when no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.").

The Court has reviewed the Magistrate Judge's Report, the record, and all available evidence. This Court agrees with the Magistrate Judge that Plaintiff fails to state a claim because Plaintiff's claims are barred by *Heck*. Finding no plain error in the Magistrate Judge's Report, the Court hereby **ADOPTS** the Report of the Magistrate Judge as the opinion of this Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITH PREJUDICE**[1] for purposes of proceeding *in forma pauperis* for failure to state a claim upon which relief may be granted as to the Defendants Bobby Lockhart and the Liberty-Eylau Independent School District. It is further

**ORDERED** the Plaintiff's claims against Officer Griffin are **DISMISSED WITH PREJUDICE** until Plaintiff can show his conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding or called into question through the issuance of a federal writ of habeas corpus. It is also

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

---

[1] The Magistrate Judge correctly recommended dismissal with prejudice; however, this dismissal with prejudice extends only to future proceedings *in forma pauperis*. *See Marts v. Hines*, 117 F.3d 1504, 1505 (5th Cir. 1997) (en banc) (dismissals under the *in forma pauperis* statute serve as *res judicata* for subsequent *in forma pauperis* filings but do not affect the subsequent filing of a fee-paid complaint raising the same allegations).

**SIGNED this 24th day of May, 2017.**

*Robert W Schroeder III*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE